UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRINK'S CAPITAL, LLC,

      Plaintiff,

v.

JOE RANDAZZO,

      Defendant.

Case No. 24-cv-11570

Honorable Robert J. White

## ORDER RESOLVING DISCOVERY MOTIONS

This case involves the parties' competing breach-of-contract and related claims against one another, arising from Plaintiff supplying a type of automated banking machine/safe at Defendants' commercial locations.  Before the Court are three interrelated discovery motions—(1) Defendant's motion to extend discovery (ECF No. 26); (2) Plaintiff's motion for a protective order and/or to quash a third-party subpoena seeking certain repair records regarding the type of machines at issue in this case (ECF No. 37; *see also* ECF No. 37-10); and (3) Defendant's motion to compel production of these records as requested by the subpoena. (ECF No. 40).[1]

---

[1] Although the motion to compel is not fully briefed, the Court agreed to resolve this discovery dispute on an expedited basis, given that the documentary evidence at issue is allegedly necessary to inform two depositions currently scheduled for July 17, 2025.

Non-party Burroughs, Inc. (Burroughs), the third-party company that serviced the machines at issue, objects to the subpoena and concurs with Plaintiff's motion. (ECF No. 39).  For the following reasons, the Court grants in part and denies in part all three motions.

## I.     Background

Discovery in this case closed on April 30, 2025. (ECF No. 21).  Nevertheless, the record shows that the parties agreed amongst themselves that month to extend discovery until May 14, 2025, only for the limited purpose of conducting various already-noticed depositions.  Notably, in the parties' email exchanges, their agreed-to language allowed Plaintiff, but *not* Defendant, "to request and receive any documents not yet produced but implicated by testimony from those witnesses." (ECF No. 37-5 – 37-7).  Although nothing was stipulated to on the record, the parties continued taking depositions through May 14, 2025. (*See* ECF No. 38-1).

On May 28, 2025, Defendant moved to amend the scheduling dates and extend discovery until July 29, 2025, to allow for the deposition of Louie Lossia and Evald Lanani, two Burroughs technicians who worked at Defendant's locations, and the production of related repair documents. (ECF No. 26).  Following a status conference, the Court, on June 20, 2025, entered a stipulated order allowing "limited and identified discovery" for the taking of Lossia's and Lanani's depositions.  The

order did not reference any further discovery of related documentary evidence. (ECF No. 32). The relevant depositions are currently scheduled for July 17, 2025.

After entry of this order, Defendant served Burroughs with its subpoena, seeking repair records over a one-year period regarding the type of machines at issue in this case, at Defendants' and all other locations serviced by Burroughs. (ECF No. 37-10). And after the parties were unable to agree on the scope of additional discovery, specifically concerning the requested repair records, the parties filed their remaining motions at issue here.

## II.   Legal Standards

The scope of discovery, which permits a party to obtain "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit," is always subject to being "limited by court order[,]" and thus, within the sound discretion of the Court. Fed. R. Civ. P. 26(b)(1); *see also State Farm Mut. Auto. Ins. Co. v. Pointe Physical Therapy, LLC*, 255 F. Supp. 3d 700, 704 (E.D. Mich. 2017) ("Further, a court has broad discretion over discovery matters, *Trepel v. Roadway Express, Inc.*, 194 F.3d 708 (6th Cir. 1999), and in deciding discovery disputes, a magistrate judge

3

is entitled to that same broad discretion, and an order of the same is overruled only if the district court finds an abuse of discretion."). Discovery is more liberal than even the trial setting, as Rule 26(b) allows discovery of information that "need not be admissible in evidence." Fed. R. Civ. P. 26(b)(1).

If a party believes that another party is not complying with discovery requests, then it may file a motion to compel. Motions to compel are governed by Fed. R. Civ. P. 37(a)(3)(B), which states, "A party seeking discovery may move for an order compelling an answer, designation, production, or inspection."

The scope of discovery for a subpoena under Fed. R. Civ. P. 45 is the same as under Fed. R. Civ. P. 26(b)(1). *State Farm Mut. Auto. Ins. Co. v. Elite Health Ctrs., Inc.*, 364 F. Supp. 3d 758, 767 (E.D. Mich. 2018). Under Rule 26(b), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense," except that the Court must consider proportionality factors, including "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."

Rule 45 also requires a party serving a subpoena on a nonparty to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Rule 45(d)(1). Courts are required to enforce that duty and must

quash or modify a subpoena that would require disclosure of privileged matter or subject the nonparty to undue burden. Rule 45(d)(1) & (d)(3)(iii)-(iv).  Courts must also limit discovery if it is unreasonably cumulative or duplicative; can be obtained from another source that is more convenient, less burdensome, or less expensive; or is outside the scope permitted by Rule 26(b)(1). Rule 26(b)(2)(C).  "Under this principle, courts in this circuit have repeatedly denied motions to compel discovery and quashed subpoenas directed to non-parties where the discovery sought was obtainable from a party to the litigation." *Baumer v. Schmidt*, 423 F. Supp. 3d 393, 408-09 (E.D. Mich. 2019) (collecting cases).

When "an objection to the relevance of the sought discovery is raised, the party seeking discovery must demonstrate that the requests are relevant to the claims or defenses in the pending action." *Gazvoda v. Sec'y of Homeland Sec.*, No. 15-14099, 2017 U.S. Dist. LEXIS 5936, at *12 (E.D. Mich. Jan. 17, 2017). If the requesting party meets that burden, the objecting party must show why the request is otherwise improper. *Id.*; *Ozark Interest v. Arch Ins. Co.*, No. 22-51460, 2023 U.S. Dist. LEXIS 33062, at *3-4 (E.D. Mich. Feb. 28, 2023) ("[I]n focusing on [the nonparty's] objections [to the subpoena], Arch puts the cart before the horse; it does little to explain how its document requests are relevant and says nothing about the proportionality factors.").

Next, "[u]nder Federal Rule of Civil Procedure 26(c)(1), a district court may grant a protective order preventing the production of discovery to protect a party or entity from 'annoyance, embarrassment, oppression, or undue burden or expense.'" *In re Ohio Execution Protocol Litig.*, 845 F.3d 231, 235 (6th Cir. 2016). "To sustain a protective order under Rule 26(c), the moving party must show good cause for protection from one (or more) harms identified in Rule 26(c)(1)(A) with a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Id.* at 236 (internal quotation marks and citation omitted). "Good cause exists if specific prejudice or harm will result from the absence of a protective order." *Id.* (internal quotation marks and citation omitted). Additionally, a district court is tasked with balancing "the right to discovery with the need to prevent fishing expeditions." *Id.* at 236-237 (internal quotation marks and citation omitted).

Lastly, the Court can modify scheduling dates for good cause. *See* Fed. R. Civ. P. 16(b)(4).

> When a party requests to modify a scheduling order to reopen discovery, the following factors are relevant: whether there exists good cause to reopen discovery, whether the need for additional discovery is due to the movant's neglect, and whether there exist other persuasive reasons (such as prejudice to the non-moving party) not to reopen discovery.

*Brock v. Harrison*, No. 14-0323, 2015 U.S. Dist. LEXIS 147530, at *2-3 (S.D. Ohio Oct. 20, 2015) (citing *Morgan v. Gandalf, Ltd.*, 165 F. App'x 425, 431 (6th Cir. 2006)); *see also U.S. Diamond & Gold v. Julius Klein Diamonds LLC*, No. 06-371,

2008 U.S. Dist. LEXIS 57825, 2008 WL 2977891, at *32 (S.D. Ohio July 29, 2008) ("The party seeking to reopen discovery must indicate to the court the need for more discovery, what material facts it hopes to uncover and why it has not previously discovered the information.").

The Sixth Circuit has emphasized that "[t]he overarching inquiry in these overlapping factors is whether the moving party was diligent" while discovery was ongoing. *Marie v. Am. Red Cross*, 771 F.3d 344, 366 (6th Cir. 2014).

## III.   Analysis

As an initial matter, the asserted need to reopen discovery is at least partially due to Defendant's own neglect or lack of diligence. Discovery was initially due on February 28, 2025, but even with the deadline extended to April 30, 2025, Defendant was unable to complete discovery. This is somewhat excused because Plaintiff also had at least one witness still to be deposed, and the parties agreed to complete any already-noticed depositions by May 14, 2025. Nevertheless, Defendant did not seek to request any documentary evidence with respect to this agreed extension, which also was never actually presented to the Court. And Defendant waited until May 28, 2025, almost two months after discovery formally closed, to raise any specific concern to the Court regarding the repair records at issue. Lastly, Defendant later stipulated to allowing limited discovery for the two remaining depositions, but again with no reference to seeking related documentary evidence.

That said, the Court concludes that good cause exists to allow further discovery, but only for those repair records related to the machines at Defendant's locations.   First, because Defendant's crossclaims assert that Plaintiff's machines were defective and repeatedly broke down, evidence of repairs on these machines is certainly relevant.   And the Court finds that any burden, expense, or prejudice resulting from discovery of this evidence is negligible, even considering that discovery is already closed.   Indeed, Plaintiff, as recently as July 14, 2025, would have stipulated to allow such limited discovery but for Defendants' refusal. (*See* ECF No. 37-2 – 37-3).   Further, the agreed-upon depositions of Lossia and Lanani would likely be pointless without these repair records to facilitate or challenge their testimony.

As it relates to any additional repair records for the same type of machines at other locations, however, these need not be produced.   Although evidence of repairs or issues at other locations could surely bolster Defendant's case that the same type of machines at Defendant's locations were defective, this relevance is outweighed by other concerns.   First, where the Court is already allowing discovery of repair records related to the actual machines at issue here, further discovery would be needlessly duplicative.   Indeed, the additional discovery sought goes to the same argument as, and would likely only reinforce what can be gleaned already from, the records discussed above.   With that said, the Court also concludes that the burden of

production outweighs any likely benefit to Defendant's case.  Specifically, the significant task of compiling these records is not proportionate to the minimal relevance discussed.

As a final matter, both Defendant and Burroughs indicate that, at least with respect to Defendant's locations, Plaintiff already has possession of the relevant repair records. *See Baumer*, 423 F. Supp. 3d at 408-09 (E.D. Mich. 2019) ("courts in this circuit have repeatedly denied motions to compel discovery and quashed subpoenas directed to non-parties where the discovery sought was obtainable from a party to the litigation").  Given the record here and expedited basis on which this discovery dispute is resolved, the Court is unable to definitively find that Plaintiff possesses this evidence.  But if Plaintiff does possess these records, it must produce them instead of Burroughs.[2]

\* \* \*

For the reasons given, the Court ORDERS that Defendant's motion to extend discovery (ECF No. 26) is GRANTED IN PART AND DENIED IN PART.

IT IS FURTHER ORDERED that Plaintiff's motion to quash and/or for a protective order (ECF No. 37) is GRANTED IN PART AND DENIED IN PART.

---

[2] To the extent Burroughs seeks reimbursement from Plaintiff for costs and fees related to this matter and Burroughs' production of documents, it may file a motion for such relief if warranted by appropriate authority.

IT IS FURTHER ORDERED that Defendant's motion to compel (ECF No. 40) is GRANTED IN PART AND DENIED IN PART.

IT IS FURTHER ORDERED that discovery is extended only as necessary to depose Lossia and Lanani, and to produce the limited records specified in this order.

IT IS FURTHER ORDERED that Plaintiff and/or non-party Burroughs, to facilitate the productive deposition of witnesses currently scheduled for July 17, 2025, must produce the repair records specific to Defendant's locations only.

IT IS FURTHER ORDERED that discovery is otherwise closed.

Dated: July 16, 2025                    s/Robert J. White
                                        Robert J. White
                                        United States District Judge