UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| BRINK'S CAPITAL, LLC, a foreign limited liability company,<br><br>　　　Plaintiff/Counter-Defendant,<br><br>v.<br><br>JOE RANDAZZO'S FRUIT AND VEGETABLE, INC., a Michigan corporation<br><br>　　　Defendant/Counter-Plaintiff. | Case No. 24-cv-11570<br><br>Honorable Robert J. White |

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO DISMISS THE ASSERTED COUNTERCLAIMS AS MOOT**

I.　Introduction

Brink's Capital, LLC, commenced this diversity breach of contract action against Joe Randazzo's Fruit and Vegetable, Inc., alleging that the company wrongfully terminated the parties' agreement for safe deposit services.

Before the Court is Brink's motion to dismiss Randazzo's counterclaims. (ECF No. 15). Randazzo's responded in opposition. (ECF No. 19). Brink's filed a reply. (ECF No. 20). The Court will decide the motion without oral argument pursuant to E.D. Mich. LR 7.1(f)(2). For the following reasons, the motion is denied as moot.

II.  Background

    A.  *Factual History*

In October 2022, Brink's and Randazzo's executed a five-year contract known as the Brink's Complete Service Agreement. (ECF No. 14, PageID.64, ¶¶ 8-9; *Id.*, PageID.79-88).  The agreement contemplated that Brink's would provide safe deposit services and related equipment for five Randazzo's locations in southeast Michigan. (*Id.*, ¶¶ 7, 9).  Brink's installed the safes in the following weeks. (*Id.*, PageID.66, ¶ 14).  And it continued to service the Randazzo's locations over the next two and a half months without incident. (*Id.*, ¶ 15-16).

On January 5, 2023, Randazzo's notified Brink's about equipment malfunctions at four locations. (*Id.*, PageID.66-67, ¶ 17).  After making repairs at three locations, Brink's could still not access the remaining site because it operated as a seasonal venue. (*Id.*, PageID.70, ¶ 24).

Throughout January and early February 2023, Brink's unsuccessfully attempted to coordinate with Randazzo's to repair the last inoperable safe. (*Id.*, ¶¶ 25-29).  On February 8, 2023, Randazzo's attorney informed Brink's that the company was terminating the service agreement because Brink's had failed to repair its equipment. (*Id.*, ¶ 30).  Brink's responded that Randazzo's had effectively barred its technicians from accessing the seasonal venue.  And it demanded liquidated damages for Randazzo's breach of the service agreement.  This litigation ensued.

### B. Procedural History

Brink's filed an initial complaint alleging causes of action for breach of contract and breach of the implied covenant of good faith and fair dealing. (ECF No. 1, PageID.9-11, ¶¶ 40-54). Randazzo's filed an answer, affirmative defenses, and counterclaims, all as separate documents. (ECF Nos. 5-7). The counterclaims asserted causes of action for breach of contract, breach of express and implied warranties, fraud and misrepresentation, and rescission. (ECF No. 5, PageID.23-25, ¶¶ 21-46). Brink's then amended the complaint. (ECF No. 14). And Randazzo's filed an amended answer without reasserting any of its counterclaims. (ECF No. 17). Brink's now moves to dismiss the omitted counterclaims in their entirety. (ECF No. 15).

### III. Legal Standards

When reviewing a motion to dismiss the complaint for failing to state a claim, the Court must "construe the complaint in the light most favorable to the defendant and accept all factual allegations as true." *Daunt v. Benson*, 999 F.3d 299, 308 (6th Cir. 2021) (cleaned up); *see also* Fed. R. Civ. P. 12(b)(6). "The factual allegations in the complaint need to be sufficient to give notice to the plaintiff as to what claims are alleged, and the defendant must plead sufficient factual matter to render the legal claim plausible." *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (quotation omitted). This same standard applies when moving to dismiss the

counterclaims asserted in an answer. *Cf. Malibu Media, LLC v. Ricupero*, 705 F. App'x 402, 406 n.2 (6th Cir. 2017) (stating that "the compulsory nature of a counterclaim is irrelevant if it fails to survive Rule 12(b)(6)").

IV.  Analysis

    A.  *Randazzo's Counterclaims No Longer Exist*

Once Brink's amended its complaint, the door opened for Randazzo's to either stand pat, amend its answer, or move to dismiss the amended complaint pursuant to Federal Rule of Civil Procedure 12(b). *See* Fed. R. Civ. P. 12(b), 15(a)(3); *see also* 6 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure § 1476 (3d ed. May 2025 Update) ("when the complaint is amended defendant should be entitled to amend the answer to meet the contents of the new complaint").  Randazzo's opted to amend its answer and, in that process, superseded its initial answer and any accompanying counterclaims. *See Hayward v. Cleveland Clinic Found.*, 759 F.3d 601, 617 (6th Cir. 2014) ("Once an amended pleading is interposed, the original pleading no longer performs any function in the case and any subsequent motion made by an opposing party should be directed at the amended pleading.") (quotation omitted); *see also* 6 Wright & Miller, *supra*, § 1476 ("A pleading that has been amended under Rule 15(a) supersedes the pleading it modifies and remains in effect throughout the action unless it subsequently is modified.").

4

That means Randazzo's operative responsive pleading – the amended answer – currently includes no counterclaims. And, as a result, there are no existent counterclaims that could possibly be subject to Brink's motion to dismiss.

Sixth Circuit precedent endorses this conclusion as well. In *Clark v. Johnston*, 413 F. App'x 804 (6th Cir. 2011), for instance, the district court dismissed the 42 U.S.C. § 1983 claims asserted in a *pro se* inmate's amended complaint. On appeal, the inmate argued that the district court should have read the initial *and* amended complaints together when deciding to dismiss his claims. *Id.* at 811. The Sixth Circuit disagreed. Affirming the district court's exclusive consideration of the amended complaint, the court of appeals held that the amended complaint superseded the initial complaint. *Id.* at 811-12. And since the inmate "did not clearly indicate that he intended his amended pleading to supplement, rather than supersede, his original pleading . . . it was appropriate for the district court to rely solely on the amended pleading in making its rulings." *Id.* at 812.

Another supporting example is *Drake v. City of Detroit*, 266 F. App'x 444 (6th Cir. 2008). There, the Sixth Circuit declined to address the plaintiff's arguments concerning his abuse-of-process claim because he had omitted that cause of action from his amended complaint – the "only live complaint" remaining in the case. *Id.* at 448 (internal quotation marks omitted). The court of appeals decided that "[a]lthough Drake pleaded a claim for abuse of process in his original complaint

5

filed in state court, that complaint is a nullity, because an amended complaint supercedes [*sic*] all prior complaints." *Id.* Consequently, the Sixth Circuit ruled that the abuse-of-process claim was "not pleaded below" and that the excision of this cause of action from the amended complaint could not "be repaired by prior complaints." *Id.* at 447-48; *see also* 6 Wright & Miller, *supra*, § 1476 ("the original pleading, once superseded, cannot be utilized to cure defects in the amended pleading, unless the relevant portion is specifically incorporated in the new pleading.").

Distilling a clear rule from the Sixth Circuit's holdings in both *Clark* and *Drake* yields the following proposition: that unless the plaintiff clearly indicates that he intended his amended complaint to supplement (rather than supersede) the initial complaint, the plaintiff may not rely on claims asserted in the initial complaint if he later amends it voluntarily to exclude those claims. *See Hayward*, 759 F.3d at 617 (stating that both *Clark* and *Drake* "stand for the proposition that a plaintiff may not rely on claims asserted in a former complaint if a subsequent, voluntarily amended complaint does not include those claims."). And there is no principled reason why this same rule should not apply equally to defendants – like Randazzo's – who amend their answers voluntarily to exclude previously asserted counterclaims without a clear indication that they intend to supplement (rather than supersede) their original answers.

### B. Response to the Opposing Viewpoint

Nonetheless, there are authorities that diverge from the Sixth Circuit's view on the import of amended pleadings. They take the stance that defendants may still rely on counterclaims asserted in an initial answer even when they later amend that answer voluntarily to exclude those very same counterclaims. *See, e.g., Umouyo v. Bank of Am., N.A.*, No. 16-01576, 2019 U.S. Dist. LEXIS 14112, at *6-7 (W.D. Wash. Jan. 29, 2019); *Ada Cnty. Highway Dist. v. Rhythm Eng'g, LLC*, No. 15-00584, 2017 U.S. Dist. LEXIS 62619, at *19-20 (D. Idaho Apr. 25, 2017); *AnTerra Group, Inc. v. KiVAR Chem. Techs.*, No. 13-00734, 2014 U.S. Dist. LEXIS 195498, at *8-10 (C.D. Cal. May 23, 2014) (collecting cases). These cases are unpersuasive for two reasons.

*First*, as a matter of precedent, the courts that issued these decisions are all outside the Sixth Circuit. So their opinions are not binding on this Court. *See Keene Grp., Inc. v. City of Cincinnati*, 998 F.3d 306, 315 (6th Cir. 2021) ("out-of-circuit cases are not binding, but may be considered."). And *second*, as a matter of substance, nearly all these authorities draw upon the district court's flawed opinion in *Dunkin' Donuts, Inc. v. Romanias*, No. 00-1886, 2002 U.S. Dist. LEXIS 28405 (W.D. Pa. May 29, 2002).

In *Dunkin' Donuts*, the plaintiff sought to preclude the admission of evidence related to the asserted counterclaims on the ground that – like here – the defendant

7

omitted them from the amended answer. *Id.* at *5.  But the district court rejected this argument and concluded that the counterclaims remained "viable" because (1) the plaintiff failed to locate "any authority for the proposition that the Defendants were required to reassert the Counterclaims in their Answer to the Amended Complaint," (2) the Federal Rules of Civil Procedure require only "that a counterclaim be set forth in a pleading – it does not mandate that it be contained in an answer," and (3) "an answer responds to the allegations in a complaint" while "a counterclaim is something independent." *Id.* at *5-6.

None of these reasons are compelling.  To start with, the *Dunkin' Donuts* plaintiff's inability to locate supporting authority carries no weight here because Sixth Circuit precedent directly contravenes the holding in *Dunkin' Donuts*. *See Clark*, 413 F. App'x at 811-12; *Drake*, 266 F. App'x at 447-48.  And as for the last two reasons, the district court appears to have misunderstood that defendants may somehow assert counterclaims independently from an answer.  This notion is incorrect.

Federal Rule of Civil Procedure 7(a) provides an exhaustive list of pleadings that are cognizable in federal courts.  Counterclaims are not one of them.  A defendant must instead assert a counterclaim in a responsive pleading.  And the most appropriate pleading in which to assert a counterclaim is the answer. *See* Fed. R. Civ. P. 13(a)-(b); *see also Kaabooworks Servs., LLC v. Pilsl*, No. 17-02530, 2019

8

U.S. Dist. LEXIS 75096, at *4 (D. Colo. May 3, 2019) ("[A] counterclaim filed as a standalone document is improper; a counterclaim incorporated into an answer is proper.").

So contrary to the district court's ruling in *Dunkin' Donuts*, there is no such thing as a standalone counterclaim that is untethered from an answer. *See* 5 Wright & Miller, *supra*, § 1183 n.45 (4th ed. May 2025 Update) (stating that a standalone counterclaim not a recognized pleading under Rule 7); *see also Russian School of Mathematics, Inc. v. Sinyavin*, No. 23-08103, 2023 U.S. Dist. LEXIS 188622, at *10 (S.D.N.Y. Oct. 18, 2023) ("Simply put, a party may not file a standalone counterclaim as its own pleading."); *AFIMAC U.S. Inc. v. Kellogg USA, LLC*, No. 22-526, 2022 U.S. Dist. LEXIS 240737, at *3 (W.D. Mich. Oct. 5, 2022) (stating that Rule 7(a) "does not . . . recognize a stand-alone Counterclaim as a pleading.").

Because Randazzo's amended answer contains no counterclaims, Brink's motion to dismiss them is now moot. Accordingly,

IT IS ORDERED that Brink's motion to dismiss the asserted counterclaims (ECF No. 15) is denied as moot.

Dated: July 23, 2025                    s/ Robert J. White
                                        Robert J. White
                                        United States District Judge