UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| BRINK'S CAPITAL, LLC,<br><br>　　Plaintiff,<br><br>v.<br><br>JOE RANDAZZO'S FRUIT AND VEGETABLE, INC.,<br><br>　　Defendant. | Case No. 24-cv-11570<br><br>Honorable Robert J. White |

**ORDER GRANTING PLAINTIFF'S MOTION TO CLARIFY THE SCHEDULING ORDER**

　　Before the Court is Plaintiff's motion to clarify the scheduling order. (ECF No. 49).  For the following reasons, the Court grants Plaintiff's motion.

　　The scheduling order in this case, entered on October 2, 2024, sets a jury trial beginning October 28, 2025, with motions *in limine* due September 8, 2025. (ECF No. 12).  However, as Plaintiff raises in its motion and Defendant concedes in response, nether party submitted a timely jury demand in this case.  Plaintiff also asserts that the parties' contract (from which this dispute arises) waives the right to a jury trial even had it been sought.  Defendant counters that the contract's jury waiver is unenforceable, and that the Court nevertheless has discretion under Fed. R. Civ. P. 39(b) to hold a jury trial even when no jury demand is made.

Fed. R. Civ. P. 39(b) provides that when no jury demand is made, "the court *may*, on [a] motion, order a jury trial on any issue for which a jury might have been demanded." (emphasis added).  The Court declines to do so in this case.  Critically, it is undisputed that neither party timely requested a jury trial in their pleadings, nor has there been a motion for a jury trial on any issues in the near year since.  And though Defendant argues there would be no prejudice from holding a jury trial where this has been reflected in the scheduling order for almost a year, Defendant offers no substantive basis for why a jury trial is warranted.  Because Defendant provides no specific reason why a jury trial should be granted when it failed to request this initially, its reliance on Fed. R. Civ. P. 39(b) is unavailing.

To the extent the Court's scheduling order contemplated a trial by jury, this was a clerical error.  Indeed, the docket in this case has consistently reflected that no jury demand was made.  And given that no jury demand was made, it is irrelevant whether the parties' jury waiver is enforceable.

\* \* \*

For the reasons given, the Court ORDERS that Plaintiff's motion to clarify the scheduling order (ECF No. 49) is GRANTED.

IT IS FURTHER ORDERED that any trial in this case will be a bench trial.

3

IT IS FURTHER ORDERED that, as discussed at the September 16, 2025 status conference, the current dates scheduled for pretrial submissions, the Final Pretrial Conference, and the trial itself are HEREBY ADJOURNED.  These dates will be rescheduled upon resolution of the parties' pending motions for summary judgment.

Dated: September 19, 2025            s/Robert J. White
                                                        Robert J. White
                                                        United States District Judge